SIDLEY AUSTIN LLP
Elizabeth W. Walker, Esq. (admitted *pro hac vice*)
555 West Fifth Street, 40th Floor
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

GORDON SILVER
William M. Noall, Esq. (Nevada Bar No. 3549)
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

Counsel for Credit Suisse AG, Cayman Islands Branch, formerly known as Credit Suisse, Cayman Islands Branch (as successor to Credit Suisse First Boston, Cayman Islands Branch), Credit Suisse Securities (USA) LLC, and Credit Suisse Loan Funding LLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

LAKE AT LAS VEGAS JOINT VENTURE, LLC, ET AL.,

Debtors.

LARRY LATTIG, in his capacity as trustee of the LLV CREDITOR TRUST created in accordance with the THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY LAKE AT LAS VEGAS JOINT VENTURE, LLC AND LLV-1, LLC,

Plaintiff,

v.

820 MANAGEMENT TRUST, et al.,

Defendants.

AND RELATED THIRD PARTY CLAIMS[1]

Jointly Administered Under
Case No. BK-S-08-17814-LBR

Adversary No. 10-01284-LBR

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH, FORMERLY KNOWN AS CREDIT SUISSE, CAYMAN ISLANDS BRANCH (AS SUCCESSOR TO CREDIT SUISSE FIRST BOSTON, CAYMAN ISLANDS BRANCH), CREDIT SUISSE SECURITIES (USA), AND CREDIT SUISSE LOAN FUNDING LLC TO DISMISS THIRD PARTY COMPLAINTS OF BASS THIRD PARTY PLAINTIFFS AND BOEDDEKER THIRD PARTY PLAINTIFFS**

Date of Hearing: June 17, 2011
Time of Hearing: 9:30 a.m.

---

[1] "Bass Third Party Plaintiffs" refers to Third Party Plaintiffs 820 Management Trust, Lee M. Bass, Sid R. Bass, and Sid R. Bass Management Trust. "Boeddeker Third Party Plaintiffs" refers to Catherine M. Boeddeker and David J. Voorhies, in their capacity as Co-Trustees of the Ronald F. and Catherine M. Boeddeker Management Trust, Transcontinental Corporation, and William P. Hallman, Jr. A list of the Debtors is set forth on the docket in Case No. BK-S-08-17814-LBR at ECF No. 1. A list of the Defendants, Third Party Plaintiffs and Third Party Defendants is set forth in the caption of the pleading in Adversary No. 10-01284-LBR at ECF Nos. 136, 138.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. The Preclusive Effect Of The Plan And Confirmation Order Bars The Relief Sought By Third Party Plaintiffs ..... 2

1. The Confirmation Order's Release And Exculpation Provisions Are Irrelevant ..... 2

2. The Plan And Confirmation Order Preclude Any Attempt To Prevent Or Avoid Distribution Of The Net Litigation Proceeds ..... 3

3. The Claimed Lack Of Formal Notice To Third Party Plaintiffs Is Irrelevant ..... 4

B. Third Party Plaintiffs Lack Standing ..... 4

C. There Is No Basis To Impose A Constructive Trust ..... 5

III. CONCLUSION ..... 6

## TABLE OF AUTHORITIES

Page(s)

**CASES**

Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP,
440 F. Supp. 2d 1184 (D. Nev. 2006) .......... 5

Giles v. GMAC,
494 F.3d 865 (9th Cir. 2007) .......... 5

Hoopes v. Hammargren,
725 P.2d 238 (Nev. 1986) .......... 5

In re California Litfunding,
360 B.R. 310 (Bkrtcy. C.D. Cal. 2007) .......... 3

In re Maya Constr. Co.,
78 F.3d 1395 (9th Cir. 1996) .......... 4

New York v. New York, New Haven & Hartford R.R. Co.,
344 U.S. 293 (1953) .......... 4

Paging Network, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.),
534 F.3d 76 (1st Cir. 2008) .......... 4

Third Party Defendants Credit Suisse AG, Cayman Islands Branch, formerly known as Credit Suisse, Cayman Islands Branch (as successor to Credit Suisse First Boston, Cayman Islands Branch), Credit Suisse Securities (USA) LLC, and Credit Suisse Loan Funding LLC respectfully submit this Reply Memorandum of Points and Authorities in support of their Motion to Dismiss ("Motion") the Third Party Complaints of: (1) 820 Management Trust, Lee M. Bas, Sid R. Bass, and Sid R. Bass Management Trust (collectively, "Bass Third Party Plaintiffs"); and (2) Catherine M. Boeddeker and David J. Voorhies, in their capacity as Co-Trustees of the Ronald F. and Catherine M. Boeddeker Management Trust, Transcontinental Corporation, and William P. Hallman, Jr. (collectively, "Boeddeker Third Party Plaintiffs") (Bass Third Party Plaintiffs and Boeddeker Third Party Plaintiffs collectively, "Third Party Plaintiffs").

## I.

## INTRODUCTION

The Motion explained that the claims asserted in the Third Party Complaint should be dismissed for each of the following independent reasons: (a) the preclusive effect of the Plan and Confirmation Order bars a claim for any relief that has the effect of preventing or avoiding the distribution of the Net Litigation Proceeds as specified in the Plan; (b) Third Party Plaintiffs lack standing because they have alleged no facts showing that the distribution of the Net Litigation Proceeds will affect the amount that Third Party Plaintiffs may be required to pay the Creditor Trustee; (c) the claims rest on the incorrect premise that the Creditor Trustee seeks to hold Third Party Plaintiffs "liable" for "Obligations" as defined in the 2004 Credit Agreement and 2007 Amended Credit Agreement; and (d) Third Party Plaintiffs have alleged no facts showing the confidential relationship required for the imposition of a constructive trust.

Third Party Plaintiffs' Oppositions ignore the third of these independently dispositive reasons -- that there is no basis to prevent or avoid any distribution of the Net Litigation Proceeds because the Creditor Trustee's action does not seek to impose "liab[ility]" on Third Party Plaintiffs for any "Obligations." On this basis alone, the claims should be dismissed.

Moreover, as explained below, the Opposition fails to rebut any of the other three independent reasons that the claims must be dismissed. The Motion therefore should be granted.

## II.

## ARGUMENT

### A. The Preclusive Effect Of The Plan And Confirmation Order Bars The Relief Sought By Third Party Plaintiffs

Third Party Plaintiffs argue that the preclusive effect of the Plan and Confirmation Order does not bar their claims because: (1) the Confirmation Order's provisions releasing or exculpating Third Party Defendants from liability for specified post-Petition acts and omissions do not apply to (a) "distributions from the Creditor Trust," or (b) pre-Petition Date acts or omissions; (2) the Plan does not explicitly provide that Third Party Defendants "get to keep" their portion of the Net Litigation Proceeds after it has been distributed; and (3) the Bass Third Party Plaintiffs did not receive "formal notice of the Plan." (Boeddeker Third Party Plaintiffs' Opposition to Creditor Trustee's Motion to Dismiss and/or Strike ("Boeddeker Opp. to Motion to Strike"), at 9, 11; Bass Third Party Plaintiffs' Consolidated Opposition to Motions to Dismiss ("Bass Opp."), at 7, 12.) None of these reasons has merit.

#### 1. The Confirmation Order's Release And Exculpation Provisions Are Irrelevant

Third Party Plaintiffs' arguments regarding the scope of the Confirmation Order's release and exculpation provisions are *non sequiturs*. Third Party Defendants have not taken the position that the Plan or Confirmation Order releases or exculpates them from all conceivable claims or liabilities relating to "distributions from the Creditor Trust" or pre-Petition Date acts or omissions. Rather, Third Party Defendants' point is that the preclusive effect of the Plan and the Confirmation Order bars claims, such as those asserted in the Third Party Complaint, that specifically seek to prevent or avoid the distribution of the Net Litigation Proceeds as required

by the Plan's provisions regarding the Classification and Treatment of the Gross Pre-Petition Lender Claims.

Moreover, nothing in Paragraph 33 of the Confirmation Order "preserves" claims that are barred by the preclusive effect of the Plan and Confirmation Order. Paragraph 33 provides, among other things, that: (a) the Lender Exculpated Parties are exculpated from specified liabilities for post-Petition Date acts or omissions "related to, or arising out of" specified events, "excluding distributions from the Creditor Trust;" and (b) "[t]he foregoing exculpations shall not . . . affect, alter, bar, or preclude any claims or defenses arising from pre-petition conduct, events or occurrences that any defendant in any post-Confirmation Date litigation may be able to assert against the foregoing exculpated parties . . . ." (Dkt. No. 2502, at 15 ¶ 33.) These provisions do nothing more than limit the scope of Paragraph 33's exculpation from specified liabilities for specified post-Petition Date acts or omissions. They do not purport to "preserve" or authorize any relief, including relief based on alleged pre-Petition Date conduct, that is barred by the preclusive effect of the Plan or Confirmation Order.

### 2. The Plan And Confirmation Order Preclude Any Attempt To Prevent Or Avoid Distribution Of The Net Litigation Proceeds

As explained in the Motion, the preclusive effect of the Plan and Confirmation Order bars a claim for any relief, including damages or other monetary relief against a non-debtor, that would effectively "redivide the pie" or "upset the confirmed plan." In re California Litfunding, 360 B.R. 310, 320 (Bkrtcy. C.D. Cal. 2007). Preventing or avoiding the distribution of the Net Litigation Proceeds as required by the Plan's provisions regarding the Classification and Treatment of the Gross Pre-Petition Lender Claims would have the practical effect of "redivid[ing] the pie" and "upset[ting] the plan." (Id.) Thus, regardless of whether the Plan or Confirmation Order specifically provides that Third Party Defendants "get to keep" their portion of the Net Litigation Proceeds after it has been distributed, any attempt to prevent or avoid such distribution is precluded.

### 3. The Claimed Lack Of Formal Notice To The Bass Third Party Plaintiffs Is Irrelevant

Nowhere in their lengthy Opposition papers do the Bass Third Party Plaintiffs deny that (a) they had actual notice of the bankruptcy proceeding and the submission of the Plan for confirmation, and (b) as ordered by this Court, the Debtors provided publication notice of the hearing on and deadline to file objections to the Plan. (Motion, at 2 n. 1.) Instead, the Bass Third Party Plaintiffs argue that they are allowed to attack the Plan's provisions regarding the Classification and Treatment of the Gross Pre-Petition Lender Claims because they were not given "formal notice" of the Plan through service of Plan-related documents. (Bass Opp., at 9.)

But, as the cases cited by the Bass Third Party Plaintiffs confirm, such "formal notice" is required only for *known creditors*. See, e.g., In re Maya Constr. Co., 78 F.3d 1395, 1399 (9th Cir. 1996) (known creditor "whose entitlement to money from the debtor will be destroyed by the judgment is entitled to notice") (cited in Opp. at 8). For unknown creditors or non-creditors, notice by publication is sufficient. See, e.g., Paging Network, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.), 534 F.3d 76, 80 (1st Cir. 2008) ("bankruptcy law distinguishes between 'known creditors,' who are entitled to receive direct notice of each stage in the reorganization proceedings, and 'unknown creditors,' for whom publication notice is sufficient") (citing New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 296 (1953), and additional cases). Third Party Plaintiffs are not and never have claimed to be known creditors, or creditors at all. Their undisputed actual notice and the publication notice given by the Debtors therefore is more than sufficient to satisfy due process and the Bankruptcy Code, and thus to subject the Bass Third Party Plaintiffs to the preclusive effect of the Plan and Confirmation Order.

## B. Third Party Plaintiffs Lack Standing

Third Party Plaintiffs argue that they have pleaded the injury in fact that is necessary for Article III standing because, if they "are found liable in the underlying adversary action but are successful in the action against the Pre-Petition Lenders, the Pre-Petition Lenders will receive nothing, and the Former Investors will retain that portion of any award that otherwise would

have gone to them." (Boeddeker Third Party Plaintiffs' Consolidated Opposition to Motions to Dismiss ("Boeddeker Opp. to Motions to Dismiss"), at 7; Bass Opp., at 12.) But the Third Party Complaint alleges no facts suggesting that the distribution of the Net Litigation Proceeds as required by the Plan will have any effect on the amount Third Party Plaintiffs will have to pay the Creditor Trustee if he prevails on any of his claims. Rather, Third Party Plaintiffs will have to pay the same amount to the Creditor Trust regardless of how that amount thereafter may be distributed. Third Party Plaintiffs thus have not pleaded any cognizable injury that is traceable to any such distribution, and therefore lack standing under Article III to bring an action that seeks to prevent or avoid such distribution.

### C. There Is No Basis To Impose A Constructive Trust

Third Party Plaintiffs argue that the confidential relationship that is necessary for a constructive trust exists because, "[i]n its various roles, Credit Suisse essentially controlled the appraisal process, determined the loan amount, and worked on behalf of the Third-Party Plaintiffs to value the Lake at Las Vegas project and solicit interest in the loan offering among Pre-Petition Lenders." (Boeddeker Opp. to Motions to Dismiss, at 12; Bass Opp., at 12.) But the Paragraphs of the Third Party Complaint that they cite (¶¶ 6-9, 12, 21) do not contain any such allegations. Moreover, even if such allegations were made and proven, they would not establish "[t]he essence of a . . . confidential relationship" – that "the parties d[id] not deal on equal terms." Giles v. GMAC, 494 F.3d 865, 881 (9th Cir. 2007) (quoting Hoopes v. Hammargren, 725 P.2d 238, 242 (Nev. 1986)). Because Third Party Plaintiffs have not pleaded the necessary facts, it is appropriate to dismiss the constructive trust claim at the pleading stage. See, e.g., Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP, 440 F. Supp. 2d 1184, 1197 (D. Nev. 2006) (dismissing constructive trust claim).

## III.

## CONCLUSION

For the reasons explained above, the Motion should be granted and all claims asserted in the Third Party Complaints of the Bass Third Party Plaintiffs and the Boeddeker Third Party Plaintiffs against Third Party Defendants Credit Suisse AG, Cayman Islands Branch, formerly known as Credit Suisse, Cayman Islands Branch (as successor to Credit Suisse First Boston, Cayman Islands Branch), Credit Suisse Securities (USA) LLC, and Credit Suisse Loan Funding LLC should be dismissed with prejudice.

Dated: May 27, 2011

Respectfully Submitted,

SIDLEY AUSTIN LLP

By: /s/ Elizabeth W. Walker

ELIZABETH W. WALKER
555 West Fifth Street, 40th Floor
Los Angeles, California 90013

GORDON SILVER

By: /s/ William M. Noall

WILLIAM M. NOALL
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169

Attorneys for Credit Suisse AG, Cayman Islands Branch, formerly known as Credit Suisse, Cayman Islands Branch (as successor to Credit Suisse First Boston, Cayman Islands Branch), Credit Suisse Securities (USA) LLC, and Credit Suisse Loan Funding LLC